So Ordered.

Dated: November 2, 2026

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Anita Marie Jones,

Debtor.

Case No. 26-26132-gmh
Chapter 13

---

# ORDER DENYING DEBTOR'S REQUEST FOR A TEMPORARY WAIVER OF THE CREDIT-COUNSELING REQUIREMENT AND DISMISSING CASE

---

On October 28, 2026, Anita Jones filed a chapter 13 petition along with a request for a 30-day temporary waiver of the credit-counseling requirement. ECF No. 8.

Congress has required that no individual can be a debtor unless that individual receives credit counseling no earlier than 180 days **before** filing a bankruptcy petition. 11 U.S.C. §109(h)(1). An individual may request a temporary waiver of the credit-counseling requirement, but only if "exigent circumstances . . . merit [such] a waiver" and the debtor requested credit counseling but was unable to obtain it within seven days of making that request. §109(h)(3)(A)(i) & (ii).

The debtor has not met either of these requirements. The debtor's request does not represent that she requested credit counseling but was unable to obtain it within

seven days of making that request. In addition, the debtor does not state any facts to support a finding of exigent circumstances; that is, her request does not describe "[a] situation that demands unusual or immediate action and that may allow people to circumvent usual procedures, as when a neighbor breaks through a window of a burning house to save someone inside." *Exigent Circumstances*, Black's Law Dictionary (12th ed. 2024).

The debtor argues that exigent circumstances exist because she "faces an immediate, exigent property enforcement crisis" and "[a]n active state Writ of Assistance has been deployed against real property parcel 081-0141-1000, initiating a scheduled lockout track that threatens to displace Debtor's family foundation and an unserved third-party tenant." ECF No. 8, at 1. She further asserts that "[d]ue to the severe, rapid timing of the state execution lines, Debtor was forced to assemble and execute this Emergency 'Bare-Bones' Chapter 13 Petition immediately to deploy the automatic stay shield and paralyze the Sheriff's eviction terminal before irreparable harm occurs." *Id*.

The debtor's statement does not identify the property that is the subject of the state-court writ of assistance; however, the property at issue appears to be the same property that was the subject of numerous filings by the debtor in her previous chapter 7 case, Case No. 26-20664. In that case, loanDepot.com obtained relief from the automatic stay and obtained confirmation of a sheriff's sale on the debtor's property in Milwaukee. On October 13, 2026, the debtor filed an "emergency motion for an immediate administrative in rem stay enjoining the Milwaukee County Sheriff from executing any purported writ of restitution". Case No. 26-20664, ECF No. 103, at 1 (capitalization altered from original). The motion requests that the court enjoin "the Milwaukee County Sheriff's Department from executing any purported state-level writ of restitution, eviction notice, or physical lockout against the real property estate scheduled for November 1, 2026." *Id*. This motion demonstrates that the debtor knew

about the pending writ of assistance at least two weeks before filing her current case, and thus she has not demonstrated that exigent circumstances exist to support her request for a waiver.

Accordingly, the debtor's request for a temporary waiver of the credit-counseling requirement is DENIED, and the debtor's case is DISMISSED for failing to complete credit counseling in the 180 days before she filed her bankruptcy petition as required by 11 U.S.C. §109(h)(1).

The clerk is directed to mail a copy of this order directly to the debtor.

#####